**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GEGE WILLIE BUFORD, III,       )<br>                                                      )<br>            Petitioner,              )<br>v.                                                 )          No. 2:07-cv-0221-RLY-WGH<br>                                                      )<br>SUPERINTENDENT, U.S. Penitentiary, )<br>                                                      )<br>            Respondent.              ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition for writ of habeas corpus of George Willie Buford, III ("Buford") must be denied.

**I.  Background**

In its previous discussion in this action the court found that Buford's habeas petition was properly summarily dismissed because of the following:

> petitioner's challenge to his convictions in the Eastern District of Tennessee pursuant to 28 U.S.C. § 2241(c)(3) is without merit because *United States v. Booker*, 543 U.S. 220 (2005), has not been held to be retroactive in its application. More fundamentally, however, is that his claim has already been brought in the trial court pursuant to 28 U.S.C. § 2255 and was rejected in *Buford v. United States,* 2006 WL 3375375 (E.D. Tenn. November 21, 2006). This court lacks the jurisdiction to entertain a further challenge to the same claim. *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir. 1996) (requirements of 28 U.S.C. § 2244(b) apply when a federal prisoner mistakenly uses § 2241 in place of § 2255).

On appeal, it was determined that this court had not treated the habeas petition as brought pursuant to § 2241(c)(3). *See Buford v. United States*, No. 07-3238 (7th Cir. March 11, 2008) (unpublished order). The matter was therefore remanded with directions that this court "determine whether or not Buford raises a claim of actual innocence and whether § 2255 provided him an adequate and effective remedy to challenge his detention; if not, the court must decide the merits of this action."

## II.  Statutory Framework

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; *United States v. Hayman,* 342 U.S. 205, 219 (1952).

A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir.1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States,* 359 F.3d 855, 858 (7th Cir. 2004); *see Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport,* 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).

## III. Discussion

Buford is confined in this District serving the executed portion of a sentence imposed by the United States District Court for the Eastern District of Tennessee. He seeks relief from the execution of his sentence based on his contention that the sentence is invalid under *Booker.*

In *Booker,* the Supreme Court held that the mandatory manner in which the federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at 226-27. The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. *Id.* at 227.

The facts pertinent to Buford's offenses and trial were summarized in the decision issued in his direct appeal:

> Defendant-Appellant George Buford, a/k/a Ya-Insaan Hetep, a/k/a Sandman ("Hetep") robbed six convenience stores and fast food restaurants in the Knoxville, Tennessee area in June 1998. On February 20, 2002, Hetep was charged in a thirteen-count superceding [sic] indictment with six counts of armed robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; six counts of using, carrying and brandishing a firearm in relation to the robberies in violation of 18 U.S.C. § 924(c); and one count of being an armed career criminal in possession of a firearm in violation of 18 U.S.C. § 922(g).
>
> Following a two-day trial, the jury returned a guilty verdict on all six Hobbs Act charges, four of the six § 924(c) offenses, and on the § 922(g) offense. Hetep was sentenced to 1,194 months imprisonment, five years supervised release, and $360 in restitution.

*United States v. Buford,* 106 Fed.Appx. 400, 401 (6th Cir. August 6, 2004). Following his direct appeal, Buford's motion for relief pursuant to 28 U.S.C. § 2255 was denied by the trial court in *Buford v. United States.* 2006 WL 3375375 (E.D. Tenn. Nov. 21, 2006). In the course of discussing the § 2255 claims, the trial court explained:

> Buford alleges his sentence violates the holding of *United States v. Booker,* 543 U.S. 220 (2005). In *Booker,* the U.S. Supreme Court noted its holding should be applied "to all cases on direct review." 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id.* The Sixth Circuit has held *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir.), *cert. denied,* 126 S. Ct. 199 (2005). Accordingly, Buford is not entitled to relief under *Booker*.

*Id.* at *6.

Buford's direct appeal was complete before the decision in *Booker* was issued. His action pursuant to 28 U.S.C. § 2255, however, was not issued until after *Booker* was issued. As just noted, Buford included an argument based on *Booker* in the § 2255 action. Buford renews his *Booker* argument here.

3

The circumstances recited above show without question that:

1) Buford has had and used an "unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).

2) Buford's remedy in the trial court pursuant to § 2255 was not "so configured as to deny [him] any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d at 611.

3) *Booker* did not de-criminalize the armed robbery and other crimes of which Buford was convicted. Buford's habeas claim has nothing whatever to do with his guilt or innocence of those offenses, and his suggestion that he is actually innocent of the sentence imposed "is literal nonsense. There is no such thing as being innocent of a sentence." *Derleth v. United States.* 2006 WL 1804618, at *4 (S.D. Tex. 2006).

> Instead, he attempts to argue that his sentence is constitutionally invalid because conduct of which he was not convicted was considered in calculating his sentence. This is not a valid claim of "actual innocence," but rather amounts to an argument that ignores well-established precedent holding that for purposes of sentencing, relevant conduct may include conduct for which there has been no conviction.

*Bellavia v. Veach*, 2006 WL 1314155, at *2 (C.D. Ill. May 11, 2006).

4) Buford also clearly fails the first prong of *In re Davenport,* as he does not identify any retroactive change in the law as the basis for his claims.

> "The Seventh Circuit has held that a decision of the Supreme Court is retroactive to second or successive cases on collateral review only if the Supreme Court expressly declares that retroactive application. *Talbott v. Indiana*, 226 F.3d 866, 868-69 (7th Cir. 2000); *see also, Ashley v. United States*, 266 F.3d 671, 672-73 (7th Cir. 2001). As neither *Booker* itself nor any other Supreme Court decision announces such retroactivity to criminal cases that became final before the release of the *Booker* opinion on January 12, 2005, no application based on *Booker* is authorized under the present circumstances. *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005).

Bellavia, 2006 WL 1314155, at *2.

The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 2255. The above circumstances also show that Buford has not advanced a legal theory which establishes his actual innocence. These same circumstances demonstrate, therefore, that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention.

## Conclusion

Judgment dismissing Buford's petition for a writ of habeas corpus shall now issue.

**IT IS SO ORDERED.**

Date: 07/16/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana